UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY TANG and GILBERTO TORRES GOMEZ, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | No. 1:23-cv-09885 (VSB)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

It is hereby stipulated and agreed, by Plaintiffs Tony Tang and Gilberto Torres Gomez and Defendant the United States of America (each individually "a Party," and, collectively, "the Parties"), that:

1. **Purpose**. In accordance with the terms of this Order, documents and information subject to this Protective Order shall be used solely for the limited purpose of prosecuting, defending and/or resolving this matter (the "Litigation"). The Protected Information shall not be used for any other purpose including, without limitation, any other lawsuits against the United States or any federal agency or entity, whether brought by these Plaintiffs or other individuals, any business, commercial, governmental, and business, commercial, governmental, press and/or public relations purpose, and with the exception of the individuals identified in Paragraph 7 below, shall not be disclosed to any non-Party to the Litigation. The Parties and their attorneys are responsible for employing reasonable measures to control duplication of, access to, and the use, disclosure and/or distribution of all Protected Information in a manner consistent with this Order.

1

2.      **Scope.**  Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraphs 3 and 5(a) or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 9(b). However, this Protective Order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom. This Order shall also apply to portions of all pleadings, motions, briefs, discovery requests or responses and/or other instruments that comprise, embody, summarize, discuss, or quote from Protected Information. This Protective Order does not apply to materials or information obtained outside of discovery in this Litigation.  Furthermore, nothing in this Protective Order prohibits a Party from using materials or information it independently gains, even if that same information is designated Protected Information in this Litigation.

3.      **Designation**.

(a)     If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 5. The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i)      information prohibited from disclosure by statute, regulation, rule, or other law, including but not limited to: 5 U.S.C. § 552a; 8 U.S.C. §§ 1160(b)(5), 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5), 1304(b), 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(l)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.1l(p), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f;

2

(ii) information that reveals trade secrets or confidential business information;

(iii) research, technical, commercial, or financial information that has been maintained as confidential;

(iv) medical information concerning any individual;

(v) sensitive personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

(vi) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

(vii) personnel or employment records of an individual;

(viii) information contained in individual alien files ("A files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a lawful permanent resident;

(ix) sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence, and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests; and

(x) information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8

U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2),

(b) A Producing Party may also designate Discovery Material as subject to this Protective Order if it has been requested to be produced on an expedited basis and the material both: (1) has not been subject to a full page-by-page review for information that may be entitled to confidential treatment under Rule 26(c); and (2) was obtained from a source which could contain information that may be entitled to confidential treatment under Rule 26(c).

4. **Definitions.**

(a) "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

(b) "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g. spreadsheets and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g. of voicemail), and transcripts of instant messages.

(c) "Parties" means the parties to this litigation including their counsel.

(d) "Producing Party" means: (i) a Party to this litigation including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(e) "Protected Information" means documents, information, Discovery Materials or other materials that are asserted to be entitled to confidential treatment under Federal

Rule of Civil Procedure 26(c) and that have been designated as subject to this Protective Order by the Producing Party.

(f) "Non-Party Protected Information" means Discovery Materials that contain information a Party received from a non-party who has signed Attachment B and that has been designated as Protected Information by the Producing Party because (i) the submitting non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rule of Civil Procedure, (ii) the submitting non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the Producing Party, or (iii) the Producing Party has informed the submitting non-party that the Discovery Materials would be protected from public disclosure by applicable federal law.

5. **Marking of Discovery Materials as Subject to this Protective Order**.

(a) To designate paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the words "SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

6. **Production Protocols.**

(a) In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b) Discovery Materials that are designated as Protected Information shall be treated as such under this Protective Order, regardless of a Producing Party's failure to fully comply with Paragraph 5.

7. **Disclosure of Protected Information.** Except as stated in subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person.

(a) **Disclosures Pursuant to Signed Attachment.** In addition to the Parties themselves, the Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

(i) Consultants, investigators, or experts used by a Party to assist in the preparation and trial of this action; such consultants, investigators, and experts must utilize Protected Information solely in connection with the Litigation.

(ii) Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(iii) Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information, subject to counsel taking reasonable steps to explain that any Protected Information should be destroyed at the conclusion of the Litigation in accordance with Paragraph 15 below.

(b) **Disclosures without Signed Attachment**. The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

    (i) The Parties and employees of the Parties but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation;

    (ii) Counsel for the Parties and employees of counsel (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

    (iii) The Court and its personnel;

    (iv) Court reporting personnel engaged for depositions, trial, or other court proceedings;

    (v) The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (vi) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

  8. **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 6 of this Protective Order shall use Protected Information for any purpose other than this Litigation or settlement discussions regarding this Litigation.

    (a) The Parties may use Protected Information as authorized by an order of this Court.

    (b) The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to other federal agencies.

  9. **Procedures Regarding Protected Information**.

7

(a) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b) **Depositions.**

(i) All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

(ii) Prior to the expiration of the time period provided in Paragraph 9(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information.  The Party seeking to protect deposition testimony shall designate as "SUBJECT TO PROTECTIVE ORDER" the specific page(s) and line(s) that it believes contains or constitutes Protected Information. After the time period provided in Paragraph 9(b)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

(iii) Notwithstanding anything to the contrary in this Paragraph 9(b), a Party may disclose prior deposition testimony to a witness during or in the course of preparing for his or her deposition in accordance with Paragraph 7(a)(iii).

(c) **Filing of Protected Information.**  The Parties may not file Protected Information except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with Rule 5(B) of the Court's Individual Rules and Practices in Civil Cases.

(d) **Use of Protected Information at Trial or Hearing.** A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 3. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

11. **Inadvertent Disclosure.** If a Party learns that by inadvertence it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, that Party must (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iii) make reasonable efforts to retrieve all unauthorized copies of the Protected Information. A Party that complies with the terms of this Paragraph within 72 hours of learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order.

12. **Challenges to Designations.** The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

(a) **Meet and Confer.** A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b) **Challenges to Designations of Non-Party Protected Information**. If a Receiving Party challenges a Producing Party's designation of Non-Party Protected Information, the Producing Party must respond to the challenge within 45 business days. During this time period the Producing Party may notify or make reasonable efforts to notify the non-party that submitted the information to the Producing Party. The non-party shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in Paragraph 12.

(c) **Judicial Resolution.** If, after satisfying the requirements of Paragraph 12(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 12(a) of this Protective Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

13. **Effect of this Protective Order**.

(a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b) Except on privilege grounds no Party may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that Party moves for an order providing such special protection.

(c) Nothing herein shall impose any restrictions on the use or disclosure by a party, non-party, or witness of documents, materials, or information properly obtained by such party, non-party, or witness independently of discovery in this Litigation, regardless of whether such documents, materials, or information also are obtained through discovery in this Litigation.

(d) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(e) Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Documents Requested or Demanded by Non-Parties**.

(a) If any Party is served with a discovery request issued in other litigation that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request must, within 14 business days of determining that the request seeks Protected Information:

(i) notify the Producing Party and provide a copy of the request; and

(ii) inform the person responsible for the discovery request of this Protective Order and provide them with a copy of this Protective Order.

(b) Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

15. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c) **Retention of Archival Copies.** Notwithstanding the above requirements to return or destroy Protected Information, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information.

(d) **Retention of Law Enforcement Documents.** Notwithstanding the above requirements to return or destroy Protected Information, law enforcement agencies may retain Protected Information in use for law enforcement purposes pursuant to Paragraph 8(b), subject only to applicable laws and regulations, e.g., 28 C.F.R. part 16.

16. **Order Subject to Modification.**

(a) This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

(b) Agreement to this Order is without prejudice to the right of any Party to seek an Order from the Court imposing further restrictions and/or relaxing restrictions on the

dissemination of Protected Information, or seeking to rescind, modify, alter, or amend this Order with respect to specific Protected Information.

17. This Protective Order is subject to the Court's Individual Rules and Practices in Civil Cases, the Local Rules for the Southern District of New York, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

The parties agree that this Stipulation may be executed in counterparts and by using electronic or scanned signatures, with the same legal effect as original signatures.

**SO STIPULATED AND AGREED:**

Dated:  New York, New York
         June 28, 2024

| | |
|---|---|
| **SUSMAN GODFREY LLP** | **DAMIAN WILLIAMS**<br>United States Attorney for the<br>Southern District of New York |
| */s/ Geng Chen* <br>Geng Chen<br>Beatrice C. Franklin<br>Dinis Cheian<br>Zach Fields<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel: 212-336-8330<br>Fax: 212-336-8340<br>GChen@susmangodfrey.com<br>BFranklin@susmangodfrey.com<br>DCheian@susmangodfrey.com<br>ZFields@susmangodfrey.com | */s/ Courtney E. Moran* <br>Courtney E. Moran<br>*Special Assistant U.S. Attorney*<br>Alyssa B. O'Gallagher<br>Jessica F. Rosenbaum<br>*Assistant U.S. Attorneys*<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>(917) 836-0126<br>(212) 637-2822/2777<br>courtney.moran@usdoj.gov<br>alyssa.o'gallagher@usdoj.gov<br>jessica.rosenbaum@usdoj.gov |
| *Attorneys for Plaintiffs and the Proposed Class* | *Attorneys for Defendant the United States* |

**IT IS SO ORDERED**:

DATED:  July 1, 2024

Hon. Vernon S. Broderick
United States District Judge

15

## ATTACHMENT A

TONY TANG and GILBERTO TORRES GOMEZ, *on behalf of themselves and all others similarly situated*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

No. 1:23-cv-09885 (VSB)

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate them to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

    _____

Dated: _____  Signature: _____

1

## ATTACHMENT B

| | |
|---|---|
| TONY TANG and GILBERTO TORRES GOMEZ, *on behalf of themselves and all others similarly situated*,<br><br>                    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    *Defendant*. | No. 1:23-cv-09885 (VSB) |

## CONTACT INFORMATION FOR NON-PARTY
## PRODUCING DOCUMENTS SUBJECT TO PROTECTIVE ORDER

On [Date], the Court entered a protective order, ECF No. __, (the "Protective Order"). The person identified below is not a Party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this Producing Party is as follows:

Name of Producing Party: _____
Contact Person: _____
Mailing Address: _____

Phone: _____

This contact information is being provided to [name of party issuing subpoena], who must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. This contact information may be changed at any time by submitting new information using this form to [name of party issuing subpoena].

1

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all parties through counsel of record via the Court's CM/ECF system, on June 28, 2024.

*/s/ Zach Fields*
Zach Fields