APPLICATION DENIED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.

Having considered the relevant factors including whether Defendant has made a "strong showing" that Plaintiffs' claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (internal quotation marks omitted), I conclude that Defendant has failed to meet its burden to show "good cause" as to why discovery should be stayed. Accordingly, Defendant's motion for a stay of discovery is DENIED.

Dated: October 21, 2024

86 Chambers Street
New York, New York 10007

<u>By ECF</u>                                                        July 4, 2024

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Tang, et al. v. United States of America*, No. 23 Civ. 9885 (VSB)

Dear Judge Broderick:

This Office represents the United States of America (the "Government") in the above-referenced action. On May 2, 2024, the Government requested that the Court stay discovery pending its then-anticipated motion for judgment on the pleadings. *See* Dkt. No. 29. On May 8, 2024, the Court denied this request "without prejudice to refiling after [the Government] submit[ted] its motion" because the Court was, at that time, "unable to assess the motion's strength." Dkt. No. 30 at 1. The Government has since submitted its motion to dismiss and for judgment on the pleadings pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure, *see* Dkt. Nos. 42–44, and now renews its request that the Court stay discovery pending resolution of this motion. As explained below, all three factors courts typically consider in determining whether to stay discovery weigh heavily in favor of a stay.

First, for all of the reasons set forth in the Government's motion, the Government has "made a strong showing that [Plaintiffs'] claim[s are] unmeritorious." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). In brief, the Court lacks subject matter jurisdiction over Plaintiffs' Little Tucker Act claims because (1) Plaintiffs lack standing to assert their third claim for relief, *see* Dkt. No. 43 at 18–21; (2) 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of jurisdiction over all Plaintiffs' claims, *see id.* at 21–24; and (3) Plaintiffs' request for declaratory relief seeks an impermissible advisory opinion, *see id.* at 24–25. Moreover, Plaintiffs' claims fail on the merits because they are premised on incorrect interpretations of 8 U.S.C. § 1356(m) and 8 C.F.R. § 103.7(b)(1)(i)(C) (Oct. 1, 2020), the relevant statutory and regulatory provisions at issue. *See id.* at 25–39. Courts routinely stay discovery where, as here, a motion "is potentially dispositive[] and appears to be not unfounded in the law," *Alapha View*, 2021 WL 1893316, at *2; *see also, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016); *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994), and have an "obligation not to proceed unnecessarily with merits discovery" where, as here, they "may lack subject matter jurisdiction," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013). Because the Government's motion is potentially dispositive, not unfounded in the law, and raises substantial questions regarding the Court's subject matter jurisdiction over all of Plaintiffs' claims, this factor weighs heavily in favor of staying discovery.

Second, as explained in the Government's May 2 request, Plaintiffs have sought wide-

ranging, largely irrelevant discovery, *see* Dkt. No. 29 at 2, which has proved—and will continue to prove—burdensome to respond to. Since the Government filed its May 2 request, it has expended considerable resources responding to Plaintiffs' 172 document requests, meeting and conferring with Plaintiffs regarding the Government's objections, and preparing documents for production. Plaintiffs have also served the Government with five interrogatories, which the Government expended additional resources responding to, as well as 144 Requests for Admission ("RFAs"), which will require still further expenditures of limited agency resources.[1] Continuing to burden the Government with such wide-ranging discovery, at this juncture and in the face of a strong potentially dispositive motion, "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006); *see also Boelter*, 2016 WL 361554, at *5 (ordering discovery to proceed where defendant presented several "[non]-frivolous" arguments for dismissal "would result in an excessive burden" on defendant); *Hong Leong*, 297 F.R.D. at 75 (requiring defendants to engage in discovery "would create a significant burden on [them] in the face of a seemingly strong motion to dismiss"); *Alapaha View*, 2021 WL 1893316, at *2 ("[B]ecause the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case, I find that proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant." (alterations and citation omitted)). Thus, this factor too weighs heavily in favor of staying discovery.

Finally, for the reasons set forth in the Government's May 2 request, Plaintiffs will not be prejudiced by a stay of discovery for the limited time it takes the Court to resolve the Government's motion. *See* Dkt. No. 29 at 3. This is especially true where, as here, the Government's "proffered grounds for dismissing the action pose strictly legal questions," and Plaintiffs cannot "demonstrate[] that discovery is necessary to rebut" these arguments. *Boelter*, 2016 WL 361554, at *5; *see also Anderson v. Catalina Structured Funding, Inc.*, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021) ("The motion presents a straightforward issue of statutory interpretation that no amount of discovery will alter. Accordingly, a stay of discovery not only makes sense, but would further the salutary policy of the Federal Rules of Civil Procedure of ensuring 'the just, speedy, and inexpensive determination of every action and proceeding.'"); *Kingsway General Ins. Co. v. Michigan Ins. Com'r*, 390 Fed. App'x 490, 492 (6th Cir. 2010) ("[A]ny additional facts revealed by the requested discovery would not change the district court's legal analysis; the motion to dismiss and the district court's order granting it turned entirely on statutory interpretation."); *United States v. Navistar International Corp.*, 236 F. Supp. 3d 1049, 1057 (N.D. Ill. 2017) (rejecting argument that defendants needed discovery "[r]egarding the consistency" of the Environmental Protection Agency's interpretations of its regulations because "the only relevant information regarding an agency's interpretation of its regulations are the public, official interpretations"). Accordingly, all three factors weigh in favor of staying discovery, and the Court should grant the Government's renewed request.

---

[1] The Government's current deadline to respond to Plaintiffs' RFAs is August 2, 2024.

We thank the Court for its consideration of this request.

                        Respectfully,

                        DAMIAN WILLIAMS
                        United States Attorney for the
                        Southern District of New York

By: /s/ *Alyssa B. O'Gallagher*
     COURTNEY E. MORAN
     Special Assistant United States Attorney
     ALYSSA B. O'GALLAGHER
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.: (917) 836-0126/(212) 637-2822
     Email: courtney.moran@usdoj.gov
             alyssa.o'gallagher@usdoj.gov