UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TONY TANG,

                  Plaintiff,

      -against-

UNITED STATES OF AMERICA,

                  Defendant.

---

23-CV-09885 (VSB) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' letter-motion to strike certain late-produced documents, or, in the alternative, to permit additional fact and expert discovery relating to those late-produced documents (**ECF 120**) and the parties' joint letter-motion to seal certain exhibits accompanying Plaintiffs' motion to strike (**ECF 119**). I held a telephonic status conference on December 8, 2025 to discuss these applications.

As to the letter-motion to seal (**ECF 119**), the exhibits in question "contain sensitive USCIS financial information which should be sealed as courts have routinely recognized that an entity's interest in protecting its financial documents disclosed during discovery outweigh the interests of the public." (ECF 119, Letter-Mot. at 1 (citing, among other cases, *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995), for the proposition that "[f]inancial records . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public").) Accordingly, the letter-motion to seal the documents at ECF 120-1, Exhibit 5; ECF 120-2, Exhibit 6; ECF 120-3, Exhibit 7; ECF 120-4, Exhibit 12; and all documents filed under seal at ECF 121 (**ECF 119**) is **GRANTED**.

The letter-motion to strike or, in the alternative, to permit additional discovery (**ECF 120**) is **DENIED IN PART**, in that the request to strike documents is **DENIED**, in light of the

1

Court's strong preference for disputes to be resolved on the merits based on a complete record rather than as a result of discovery sanctions. *See Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d Cir. 1996) (collecting cases); *Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14-CV-2275 (JGK) (DF), 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017). The letter-motion is **GRANTED IN PART**, in that Plaintiffs shall be entitled to additional fact discovery concerning the late-produced documents: specifically, the parties shall meet and confer on the scope of production of additional documents concerning the late-produced documents, and Plaintiffs shall be entitled to take a deposition of not more than three hours pursuant to Rule 30(b)(6) of the person most knowledgeable about the late-produced documents. The letter-motion is further **GRANTED IN PART**, in that Defendant shall pay Plaintiffs' reasonable attorneys' and expert fees and costs in connection with 1) preparation of an amended or supplemental expert report addressing the late-produced documents and 2) preparation of the letter-motion to the extent it sought additional discovery rather than preclusion. By **December 19, 2025**, the parties shall submit a joint letter on the docket with a proposed revised schedule for proceeding with discovery.

The Clerk of Court is respectfully requested to terminate **ECF 119** and **ECF 120**. The Clerk of Court is respectfully requested to restrict access to private for **ECF 120-1, 120-2, 120-3, 120-4** and all documents filed under seal at **ECF 121**.

DATED:  December 9, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

2